# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7115 | **DATE** | June 2, 2011 |
| **CASE TITLE** | Fernando King (#5599K-000) vs. City of Chicago Clerk, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**        Docketing to mail notices.

## STATEMENT

Plaintiff, Fernando King, presently in custody at the Metropolitan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Chicago City Clerk and the Chicago Police Department. Plaintiff alleges that in July of 2005, Chicago Police Officers part of something he calls the "Special Operations Section" entered his home, kicking the front door in and confiscated large sums of money, threatening to charge him with drug offenses if he complained about the taking of the money. He further alleges that he was pulled over and harassed multiple times after the initial contact, and that they returned three days after they took the money and took more money. He alleges that in August of 2006, the same Officers planted a pound of marijuana in his home, and the Officers battered and kicked him, threatening him with further drug charges. Plaintiff seeks monetary damages. Plaintiff submitted an additional statement of facts that the Clerk filed as an amended complaint and which contains further information about his allegations, the most recent of which is his indictment fn federal charges in December of 2006. *See* ECF [#20].

On January 20, 2011, the Court ordered Plaintiff to show cause why this case should not be dismissed as untimely. Plaintiff responded On February 3, 2011 with correspondence indicating that he had been unable to pursue his claims sooner because of his incarceration and because he was attempting to defend against and overturn his convictions.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

Plaintiff's complaint is flawed in multiple ways. Plaintiff's allegations fail to state a claim sufficient to survive review under 28 U.S.C. § 1915A, he names parties who are not suable, and his claims appear to be time-barred.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

      Plaintiff has named as Defendants Chicago City Clerk and Chicago Police Department. Neither of these Defendants is a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).

      If this were the only problem with Plaintiff's complaint, he might amend, however, Plaintiff's claims are also time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, it may be the grounds for a preliminary dismissal of a claim, if it is plain from the face of the complaint that the claim is untimely). Plaintiff alleges he was arrested in November of 2005, and alleges actions by the Defendants through 2006, more than four years prior to filing suit.

      In *Wilson v. Garcia*, 471 U.S. 261 (1984), the U.S. Supreme Court held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In addition, the statute of limitations begins to run for an action alleging an unlawful arrest when the events allegedly happened. *Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 549 U.S. 384 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody). The reasons given by Plaintiff in response to the order to show cause regarding timeliness (incarceration, defending his criminal case) do not convince the Court that there is any reason tolling should apply, or that the Court should not follow the holding in *Wallace*. Because more than two years have elapsed since Plaintiff's claim as to an unlawful arrest against Defendants arose and Plaintiff has provided no reason why tolling should apply, this action is time-barred.

      For the reasons contained in this order, the Court dismisses the complaint pursuant to § 1915(e)(2)(B). The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

      If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).